IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| REGGIE LEE DUNCAN, | ) | |
| AIS 216781, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:22-CV-630-ECM-KFP |
| | ) | |
| WILLIAM STREETER, et al., | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner Reggie Lee Duncan, proceeding pro se, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 while in the custody of the Alabama Department of Corrections (ADOC). Doc. 1. Duncan challenged his conviction and 20-year sentence in the Circuit Court of Montgomery County, Alabama, and he sought vacatur of his conviction and release from custody. *Id.*[1]

ADOC's inmate database reflects that Duncan has been released and is no longer in ADOC's custody.[2] Thus, on January 23, 2026, the Court issued an Order requiring Duncan to show cause by February 6, 2026, why this case should not be dismissed as moot based on his release. Doc. 14. To date, Duncan has failed to respond or otherwise object to

---

[1] Before filing this petition, Duncan was released but reincarcerated on a probation violation based on a new charge. He challenges here his initial conviction and sentence following his guilty plea; his probation revocation is not at issue.

[2] *See* https://doc.alabama.gov/InmateInfo.aspx (last visited February 12, 2026).

dismissal based on mootness. The Court's last contact with Duncan occurred in February 2023 (Doc. 12), and his current whereabouts are unknown.

Because Duncan has failed to comply with the Court's Order, this case is due to be dismissed without prejudice. *Madura v. Lakebridge Condo. Ass'n Inc.*, 382 F. App'x 862, 866 (11th Cir. 2010) (holding district court did not abuse discretion by dismissing case for want of prosecution when plaintiff failed to respond to show cause order ) (citing *Equity Lifestyle Props. Inc. v. Fla. Mowing & Landscape Serv., Inc.,* 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order.") (citing Fed. R. Civ. P. 41(b));[3] *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.") (citations omitted).

The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co*., 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31. In this instance, where Petitioner Duncan has failed to update the Court with his current address, has had no contact with the Court in three years, and failed to respond to the

---

[3] "Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive." *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 n.5 (11th Cir. 2018) (citation omitted); *see* 11th Cir. R. 36-2. The undersigned finds persuasive the unpublished decisions cited herein.

Court's show cause order concerning dismissal for mootness, the undersigned finds that sanctions lesser than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co-op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989).[4]

This is not the first time Duncan has failed to comply with the Court's orders, but the Court has previously been lenient given his pro se status. On December 15, 2022, the Court ordered Duncan to show cause by January 5, 2023, why his Petition should not be dismissed as time-barred.[5] Doc. 10. Duncan failed to meet the deadline. More than a month

---

[4] To the extent Ducan contends this case should not be dismissed as moot or he can show why it should not be dismissed for failure to prosecute and obey orders, the 14-day objection period gives him an opportunity to respond.

[5] Were the Court to review the petition, it would likely find it due to be dismissed with prejudice as time-barred and unexhausted. Because Duncan did not file an appeal of his conviction or sentence with the Alabama Court of Criminal Appeals, his state court judgment became final on June 13, 2001, 42 days after his sentencing on May 1, 2001, as this is the last day he could have filed a notice of appeal under Ala. R. App. P. 4 (b)(1). *See* 28 U.S.C. § 2244 (d)(1)(A); *Bridges v. Johnson*, 284 F. 3d 1201, 1202 (11th Cir. 2002) (for purposes of determining the AEDPA one-year limitation period, where a petitioner did not seek a direct appeal from his convictions, the conviction became final on the date his right to appeal expired). Therefore, absent statutory or equitable tolling, the AEDPA one-year limitation period expired on June 13, 2002, one year after Duncan's right to appeal expired. *See* 28 U.S.C. § 2244(d)(1)(A). Although Duncan filed a Rule 32 petition challenging his state conviction on March 12, 2018, this was filed after expiration of the one-year period and had no effect on the running of the limitation period for the instant federal habeas petition. *See Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) (holding "[a] state court filing after the federal habeas filing deadline does not revive it"). Accordingly, Duncan's conviction became final on June 13, 2001, and as Duncan filed no timely Rule 32 petition that operated to toll the limitation period, the latest he could have filed a timely habeas petition was June 13, 2002. Duncan filed his habeas petition 20 years later on October 26, 2022. Additionally, respondents argue Duncan failed to exhaust his remedies in the state court system, which (generally) precludes him from raising claims now in federal court that were not exhausted first in state court. Duncan relies on "new evidence" to support an actual innocence claim to revive the arguably untimely and unexhausted petition and contends his counsel was ineffective for not interviewing unidentified witnesses before he pleaded guilty to the lesser charge of first-degree assault (he was indicted on an attempted murder charge). While the undersigned does not reach the issue, it is noted that overcoming procedural default based on an actual innocence claim requires a petitioner to "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Additionally, " '[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup*, 513 U.S. at 324). Duncan's innocence claim is based on a 2022 statement from an eyewitness, but Duncan offers no explanation why this witness, who attests to being Duncan's friend, was unavailable at the time of the events giving rise to his 2000 attempted murder charge, prior to Duncan's guilty plea to a lesser charge in 2000, before his sentencing in 2001, or any time prior to the expiration of the limitation period in 2002.

3

after the deadline, on February 27, 2023, Duncan filed a document titled "Petitioner[']s Motion to Request an Evidentiary Hearing." Doc. 12. The Court denied the request for hearing but construed the belated filing as Duncan's response to the Court's order. Doc. 13. Duncan has made no other filing in this case.

Accordingly, the undersigned RECOMMENDS that this case be DISMISSED without prejudice.

It is further ordered that, on or before **March 4, 2026**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation. Additionally, such failure waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. 11th Cir. R. 3-1.

DONE this the 18th day of February, 2026.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE

4